**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| DAVID McARDLE and | ) | CASE NO. 26-80402-CRJ11 |
| MEGAN McARDLE, | ) | CHAPTER 11 |
| DEBTORS. | | |

**OBJECTION TO CONFIRMATION OF**
**CHAPTER 11, SUBCHAPTER V PLAN OF REORGANIZATION**

Units Franchising Group, Inc., a creditor and party-in-interest, files this objection (this "Objection") to confirmation of Debtors David McArdle and Megan McArdle's *Chapter 11, Subchapter V Plan of Reorganization* (ECF No. 39), and states:

**INTRODUCTION**

1. The Plan is unconfirmable because the Debtors have failed to show that it is feasible. Prior to and continuing into bankruptcy, the Debtors have operated a mobile storage unit business under a Franchise Agreement with Units Franchising Group, Inc. The Franchise Agreement contains a non-competition agreement. The Plan proposes rejecting the Franchise Agreement. To the extent the Plan is proposed to be funded from income derived from the Debtors' operation of a mobile storage unit business in violation of the Franchise Agreement's non-competition agreement, it is not feasible and Plan confirmation should be denied.

**BACKGROUND**

2. On February 24, 2026 (the "Petition Date"), Debtors David McArdle and Megan McArdle (together, the "Debtors") filed this bankruptcy case seeking relief under Chapter 11, Subchapter V, of Title 11 of the United States Code.

3. Units Franchising Group, Inc. ("UFG") has developed procedures for operating and managing mobile storage units (the "UNITS System") and relating to the establishment,

development, and operation of UNITS Businesses[1], which feature delivery, warehouse storage, and transport of portable, structurally secure, modular self-storage containers. UFG franchises UNITS Businesses and the right to use the UNITS System.

4. Prior to the Petition Date, Debtor David McArdle was a party to a UNITS Franchising Group, Inc. Franchise Agreement with UFG dated October 13, 2022, and a related Franchisor's Provisions Addendum dated January 18, 2023 (together, the "Franchise Agreement"), through which he was granted the right to operate a UNITS Business and to use the UNITS System (any and all rights granted to Debtor David McArdle under the Franchise Agreement referred to herein as the "Franchised Business"). A true and correct copy of the Franchise Agreement is attached to UFG's contemporaneously filed Motion for Relief from the Automatic Stay as Exhibit 1 to the Declaration of Michael McAlhany and is incorporated herein by this reference.

5. After the Petition Date, Debtor David McArdle continued to operate a Franchised Business pursuant to the terms of the Franchise Agreement.

6. On May 26, 2026, Debtors filed their Chapter 11 Subchapter V Plan of Reorganization (ECF No. 39, the "Plan").

7. The Plan provides that Debtor David McArdle seeks to reject the Franchise Agreement. *See* Plan, Section VIII.

8. The Plan further provides the Debtors intend to fund the Plan through rental income. *See* Plan, Section IV. The Plan is, however, ambiguous as to the source of such rental income—whether it be one of the Debtors' three houses or from storage units. The Plan does reference that the Debtors own and operate a portable storage unit operation called Rocket City Portable McStorage, LLC ("Rocket City"). *See* Plan, Section II.

---

[1] The term "UNITS Businesses" shall take the meaning it has in the Franchise Agreement.

Case 26-80402-CRJ11 Doc 99 Filed 08/06/26 Entered 08/06/26 17:02:37 Desc Main Document Page 2 of 5

9. The Franchise Agreement contains a non-competition agreement preventing Debor David McArdle from operating a business competing with UFG for two years within certain territory. *See* Exhibit 1, pp. 46-47. A fuller recitation of the relevant contractual provisions is set forth in the Motion for Relief and is incorporated herein by this reference.

**OBJECTION**

**A. Standard for Confirmation of a Subchapter V Plan**

10. A Subchapter V plan may only be confirmed over a creditor's objection if it meets the requirements of Section 1191(b) of the Bankruptcy Code. In many respects, the confirmation requirements of a Subchapter V cramdown plan are like those of an ordinary Chapter 11 case, as a Subchapter V plan is generally confirmable over objection if the requirements of Section 1129(a) are met. 11 U.S.C. § 1191(b). However, Subchapter V affords additional protection to creditors in the form of a heightened feasibility standard.

11. Section 1191(c) supplies this heightened feasibility standard, providing that a plan may only be confirmed if (1) the Debtors "will be able to make all payments under the plan" or (2) "there is a reasonable likelihood that the [Debtors] will be able to make all payments under the plan" and "the plan provides appropriate remedies" to protect creditors.

12. "The feasibility requirement for confirmation requires a showing that the debtor can realistically carry out its plan. Though a guarantee of success is not required, the bankruptcy court should be satisfied that the reorganized debtor can stand on its own two feet." *In re Pearl Res. LLC*, 622 B.R. 236, 269 (Bankr. S.D. Tex. 2020); *see also In re Eng'g Recruiting Experts, LLC*, 673 B.R. 32, 38 (Bankr. M.D. Fla. 2025) (recognizing that § 1191(c)(3) imposes a "heightened standard" upon debtors).

13. A Subchapter V plan must include "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." 11 U.S.C. § 1190(1)(C). "It is [the Debtors'] burden, as the Plan proponent, to present concrete evidence to establish that [they have] sufficient cash flow to maintain [their] ongoing personal expenses while funding all Plan payments." *In re Curiel*, 651 B.R. 548, 562 (B.A.P. 9th Cir. 2023).

**B.     The Plan Cannot Be Confirmed Because It Lacks Required Cash-Flow Projections and Does Not Establish Feasibility**

14. The Debtors have not shown that the Plan is feasible, and therefore, it is not confirmable. More fundamentally, it is not confirmable to the extent its funding relies upon income derived from the operation of Rocket City (or any other business) in violation of the Franchise Agreement's non-competition agreement.

15. This Court has recognized that a debtor's relief of performance obligations under an executory contract through the rejection provisions of 11 U.S.C. § 365 does not relieve that debtor from post-termination obligations in the context of non-competition clauses. *See In re Don & Lin Trucking Co., Inc.*, 110 B.R. 562 (Bankr. N.D. Ala. 1990) (". . . the Court concludes that the effect of the debtor's rejection of the Redwing contract did not relieve it of the obligation not to compete in business with Redwing").

16. The Plan provides that it will be funded "with payments from the Debtors' rental income." *See* Plan, Section IV. But the Plan does not specify where that rental income will be derived. Nor does it include the required "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." 11 U.S.C. § 1190(1)(C).

17. The Debtors propose to reject the Franchise Agreement and cease doing business as a UFG franchisee. They are permitted to do so under the Bankruptcy Code. However, UFG is likewise permitted to enforce its contractual rights post-rejection, including its right to enforce the

non-competition agreement to the extent the Debtors' operation of Rocket City is in violation of that clause. *See In re Don & Lin Trucking Co., Inc.*, 110 B.R. 562 (Bankr. N.D. Ala. 1990).

18.     Because the Debtors have failed to provide cash flow projections or details about how the Plan will be funded, including whether such funding would be derived from their operation of Rocket City in violation of the Franchise Agreement's non-competition clause, they have failed to show the Plan is feasible.

### RELIEF REQUESTED

WHEREFORE, UFG respectfully requests that the Court enter an order (i) denying confirmation of the Plan and (ii) for such other and further relief as is equitable and just.

Respectfully submitted this the 6th day of August, 2026.

/s/Mark P. Williams

_____
Mark P. Williams
Attorney for Units Franchising Group, Inc.

**OF COUNSEL:**

NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL  35205
(205) 328-6643

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via ECF, which provides notice to all parties of record in these proceedings and by e-mail as follows this the 6th day of August, 2026:

Stuart M. Maples, Esq.—smaples@thompsonburton.com
Kevin D. Heard, Esq.—kheard@heardlaw.com

/s/Mark P. Williams

_____
OF COUNSEL

- 5 -